BILLY GRAY TURNER AND LAURA FAYE TURNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Turner v. Commissioner
Docket No. 16683-93
United States Tax Court
T.C. Memo 1995-214; 1995 Tax Ct. Memo LEXIS 215; 69 T.C.M. (CCH) 2618; May 17, 1995, Filed *215 Decision will be entered for petitioners. Billy Gray Turner and Laura Faye Turner, pro sese. For respondent: Donald R. Williams. KORNER
KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in petitioners' 1990 Federal income tax in the amount of $ 18,270 and an addition to tax under section 6662(a) [1] in the amount of $ 3,654. After the concession of one issue, the remaining issues to be decided are whether petitioners had taxable income in 1990 as the result of making an illegal investment, in the amount of $ 49,810, [2] and whether petitioners were negligent in filing their return. Petitioners Billy Gray Turner and Laura *216 Faye Turner resided in Moore, Texas, at the time the petition herein was filed. They filed a joint income tax return for the year 1990 on the cash basis. [3]
In January 1990, petitioner came into contact with an undercover Texas police officer. Arrangements were made between them for petitioner to purchase a certain quantity of marijuana from the officer a few days later. At the scheduled meeting between petitioner and the police officer, the marijuana was inspected, and apparently accepted, and petitioner then paid the police officer $ 49,810 in cash for approximately 100 pounds of marijuana. Petitioner further arranged to get another 100 pounds on credit. Upon leaving the scene with the marijuana, petitioner was arrested. He was later indicted in Texas and pled guilty to illegally dealing in narcotics; the narcotics were confiscated, and the $ 49,810 was forfeited to the State of Texas. On this set of facts, respondent, on May 11, 1993, *217 sent to petitioners a statutory notice of deficiency under section 6212. In it, respondent determined that petitioner Billy Gray Turner "received additional income in the amount of $ 49,810 from illegal investment which was not reported on your 1990 income tax return". Both before, during, and after trial, petitioner has steadfastly denied that he owned the money in question but contends that it belonged to a named third party, now deceased. As is true in most Tax Court cases, including this one, the burden of proof is on petitioners to prove that respondent's determination is erroneous. Rule 142(a); . The problem that we see in this case is that no facts have been presented from which we could conclude that a taxable transaction took place. We do not think that section 61, which defines gross income in general, includes the purchase of property, whether legal or illegal, as opposed to the sale or exchange of such property. Respondent did not determine that the marijuana that petitioner acquired here was sold at a profit or exchanged profitably, and indeed the facts here show that the product was immediately *218 seized by the police and confiscated, so that petitioner derived no gain from dealing in it within the meaning of section 61(a)(3). Respondent nevertheless insists on brief that petitioner is still taxable on said $ 49,810 because of the provisions of section 6867(a), which provides: (a) General Rule. -- If the individual who is in physical possession of cash in excess of $ 10,000 does not claim such cash -- (1) as his, or (2) as belonging to another person whose identity the Secretary can readily ascertain and who acknowledges ownership of such cash,
then, for purposes of sections 6851 and 6861, it shall be presumed that such cash represents gross income of a single individual for the taxable year in which the possession occurs, and that the collection of tax will be jeopardized by delay.
On this basis, respondent contends that since petitioner was in possession of the cash and that he claims it was not his, but rather was the property of another named person, now deceased, whom respondent cannot readily identify, therefore the money constitutes petitioner's income. Respondent states the proposition too broadly. As is clear from the statutory section just quoted, *219 supra, there is a presumption that, under the circumstances, the money in question will constitute gross income of petitioner only "for purposes of sections 6851 and 6861". The provision means that the money here would be presumed to be gross income of petitioner only for purposes of making a termination assessment of income tax against him under section 6851 or a jeopardy assessment of tax against him under section 6861. See . No such action under either of the above sections was taken by respondent here. We accordingly must hold that section 6867 does not apply to this case, under the clear statutory language. Inclusio unius est exclusio alterius. It further must follow that there can be no "presumption", at least in the absence of a determination by respondent of an income-producing transaction, that this money in the hands of petitioner represented gross income. The principles enunciated by the Supreme Court in , bear repeating here: We find nothing in the statutes, the rules of the board or our decisions *220 that gives any support to the idea that the commissioner's determination, shown to be without rational foundation and excessive, will be enforced unless the taxpayer proves he owes nothing or, if liable at all, shows the correct amount. * * * Unquestionably the burden of proof is on the taxpayer to show that the commissioner's determination is invalid. Frequently, if not quite generally, evidence adequate to overthrow the commissioner's finding is also sufficient to show the correct amount, if any, that is due. But, where as in this case the taxpayer's evidence shows the commissioner's determination to be arbitrary and excessive, it may not reasonably be held that he is bound to pay a tax that confessedly he does not owe, unless his evidence was sufficient also to establish the correct amount that lawfully might be charged against him. * * * [Citations omitted.]
On the issue of the taxability of this income to petitioner therefore, we must hold that respondent's determination is erroneous as not being supported by any reasonable or legal determination, and petitioners do not owe any deficiency resulting therefrom. Determination of this matter also carries with it the elimination *221 of the determined additional self-employment tax, and, since the third issue in the case has already been conceded by respondent, the only matter left is the question of an addition to tax under section 6662(a). Such determined addition is also eliminated herein by reason of our decision of the other issues. Decision will be entered for petitioners. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Respondent also determined self-employment tax in the amount of $ 6,666 against petitioners. This liability is dependent upon our resolution of the foregoing issue.↩
3. All references to "petitioner" hereafter are to Billy Gray Turner.↩